UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS MAYER, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PATRIOT PICKLE INC., ARKK FOOD COMPANY, and WAHLBURGERS I, LLC,<br><br>Defendants. | Civil Action No.: 1:23-cv-01299-LJV<br><br>Document Filed Electronically |

**DEFENDANT WAHLBURGERS I, LLC'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO SEAL RULE 7.1 AND LOCAL RULE 7.1 BUSINESS
ORGANIZATION PARTY DISCLOSURE STATEMENT**

Defendant Wahlburgers I, LLC ("Wahlburgers"), by its undersigned attorneys, respectfully submits the following Memorandum of Law in Support of Its Motion to Seal its Rule 7.1 and Local Rule 7.1 Business Organization Party Disclosure Statement ("Corporate Disclosure"), which contain confidential information regarding Wahlburgers' corporate structure.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff Dennis Mayer filed this putative class action on November 17, 2023 in the Supreme Court of New York, Erie County, under Index No. 814871/2023. (Dkt. No. 1-2.) On December 17, 2023, Wahlburgers, along with Defendant Arkk Food Company removed the action to this Court pursuant to 28 U.S.C. § 1441(a) based on the Court's diversity jurisdiction. (Dkt. No. 1, ¶ 9.) Defendant Patriot Pickle Inc. consented to removal. (Dkt. No. 1-4.) Wahlburgers now respectfully moves to file its Corporate Disclosure under seal because it contains confidential information regarding Wahlburgers' corporate structure.

32988880.1

**ARGUMENT**

**GOOD CAUSE EXISTS TO PERMIT THE FILING OF WAHLBURGERS' CORPORATE DISCLOSURES UNDER SEAL.**

The Federal Rules of Civil Procedure permit the filing of documents under seal for "good cause." *See* Fed. R. Civ. P. 5.2(e).  In ruling on a motion to seal, courts "must balance the strong interest of the public's right to access judicial documents with the interest of the party seeking to keep the document or information under seal." *BAT LLC v. TD Bank, N.A.*, No. 15CV5839RRMCLP, 2019 WL 13236131, at *8 (E.D.N.Y. Sept. 24, 2019).

Good cause for the issuance of a protective order can be demonstrated by the existence of confidential business information. *See Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, No. 17CV147KAMCLP, 2019 WL 3753780, at *4 (E.D.N.Y. Aug. 8, 2019). Further, protecting the privacy interests of the movant also supports sealing select information. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

Rule 7.1 statements are intended to assist judges in determining whether recusal is warranted. Indeed, the Committee Comments to Rule 7.1 confirm that the disclosure rules exist "to reach a majority of the circumstances that are likely to call for disqualification on the basis of financial information that a judge may not know or recollect." Fed. R. Civ. P. 7.1, Committee Notes on Rules—2002. Local Rule 7.1 is in accord, requiring disclosure of the identifies of any person "whose identities the party has reason to believe may bear on the Court's decision whether to recuse." Loc. R. Civ. P. 7.1.

Rule 7.1(a)(2) was recently added to provide the Court with sufficient information to satisfy itself as to its diversity jurisdiction under 28 U.S.C. § 1332(a) because identifying the citizenship of certain non-corporate entities can be difficult.  In enacting the Rule amendment, the Advisory Committee recognized that:

>the court may limit the disclosure in appropriate circumstances. Disclosure might be cut short when a party reveals a citizenship that defeats diversity jurisdiction. ***Or the names of identified persons might be protected against disclosure to other parties when there are substantial interests in privacy and when there is no apparent need to support discovery by other parties to go behind the disclosure***.

Fed. R. Civ. P. 7.1, Committee Notes on Rules—2022 Amendment (emphasis added).

Thus, these Rules do *not* exist to provide the public with confidential information it could not otherwise obtain. Indeed, Wahlburgers' corporate structure and ownership information are confidential business information and not commonly known to the public at large. (Declaration of Alan McKenna in Support of Motion to Seal, attached as **Exhibit A**, ¶ 5.) And this confidential information is irrelevant to the parties' dispute, which is a putative food labeling class action. Wahlburgers' Corporate Disclosure therefore has no bearing on this Court's determination of any issue in this case, and sealing them will protect Wahlburgers' privacy interests. As to diversity jurisdiction, Wahlburgers has pleaded in its Notice of Removal the citizenship of its members without identifying the individual names of the members involved, which, as noted above, are confidential. (Dkt. No. 1, p 15 & Ex. G.)

Recognizing that Wahlburgers' corporate structure is confidential and private information, the Northern District of Illinois recently issued an order sealing Wahlburgers' corporate disclosures in another action related to the instant case. (*See* the April 5, 2023 order, attached as **Exhibit B**.)

For these reasons, Wahlburgers respectfully requests that this Court enter an order sealing Wahlburgers' Corporate Disclosure.

Wahlburgers has contacted Plaintiff's counsel regarding this motion, who advised that they take no position with respect to the requested relief.

Pursuant to Local Rule of Civil Procedure 5.3(c)(2)(D), a proposed order granting the instant motion is enclosed.

## CONCLUSION

WHEREFORE, Wahlburgers respectfully requests that this Court enter an order granting this motion in its entirety, sealing Wahlburgers' Corporate Disclosure, and awarding Wahlburgers such other and further relief that this Court deems proper.

Respectfully submitted,

**GENOVA BURNS LLC**

Dated: December 20, 2023

/s/ *Kathleen Barnett Einhorn*
Kathleen Barnett Einhorn
115 Broadway, 15th Floor
New York, New York 10006
Tel. (973) 533-0777
Fax (856) 533-1112
keinhorn@genovaburns.com

Jacob D. Radecki (*pro hac vice* forthcoming)
300 N. LaSalle St., Ste. 1400
Chicago, IL 60605
Tel. (312) 280-0111
jradecki@mcdonaldhopkins.com

*Attorneys for Defendants*

32988880.1

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all Parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

I hereby further certify that a true and accurate copy of the foregoing is being served this day via certified mail, return receipt requested, and via e-mail on this 20th day of December, 2023, to all counsel and self-represented parties of record:

>Gustavo F. Bruckner
>Samuel J. Adams
>Ankita Sangwan
>600 Third Avenue, 20th Floor
>New York, New York 10016
>Telephone: (212) 661-1100
>Facsimile: (917) 463-1044
>gfbruckner@pomlaw.com
>sjadams@pomlaw.com
>asangwan@pomlaw.com
>
>THE FINK LAW FIRM, P.C.
>Steven M. Fink
>488 Madison Avenue, 20th Floor
>New York, New York 10022
>Telephone: (212) 280-6600
>Facsimile: (212) 898-1117
>sfink@thefinklawfirmpc.com

>*/s/ Kathleen Barnett Einhorn*
>Kathleen Barnett Einhorn