UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

DENNIS MAYER, *on behalf of himself
and all others similarly situated*,

        Plaintiff,

   v.

PATRIOT PICKLE INC., *et al.*,

        Defendants.

23-CV-1299-LJV
DECISION & ORDER

───────────────────────────────

On November 17, 2023, Dennis Mayer filed this class action in New York State Supreme Court, Erie County, against Patriot Pickle Inc. ("Patriot Pickle"), ARKK Food Company ("ARKK"), and Wahlburgers I, LLC ("Wahlburgers"). Docket Items 1, 1-2. The complaint alleges that the defendants engaged in deceptive and misleading business practices and asserts claims under the New York General Business Law as well as for breach of express warranty and unjust enrichment. Docket Item 1-2 at ¶¶ 47-82. On December 15, 2023, the defendants removed the case to this Court.[1] Docket Item 1.

───────────────────────

[1] Under the statute governing the removal of civil actions to federal court, "[a] notice of removal must be filed 'within 30 days after the receipt by the defendant[s], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.'" *Martin v. Town of Tonawanda Police Dep't*, 2023 WL 8539440, at *3 (W.D.N.Y. Dec. 11, 2023) (quoting 28 U.S.C. § 1446(b)). "District courts within this [c]ircuit . . . have consistently interpreted the statute as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the rule of unanimity." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (citation and internal quotation marks omitted). Moreover, that "consent" must be "independently express[ed]" by each defendant within that same period. *Id.* "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even

Wahlburgers has moved to file its Federal Rule of Civil Procedure 7.1 Business Organization Party Disclosure Statement under seal because "it contains confidential information regarding Wahlburgers'[s] corporate structure."[2]  Docket Item 3; Docket Item 3-1 at 1.  For the reasons that follow, the Court denies Wahlburgers's motion without prejudice.

## LEGAL PRINCIPLES

Under Local Rule of Civil Procedure 5.3(a), "parties, complaints, and documents are [presumptively] publicly accessible," and "[a] party seeking to have a case, party,

---

though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).  "[T]he clock for removal runs from formal 'service of process []or waiver of service by the defendant.'"  *Mogul v. New York Pub. Radio*, 2022 WL 814356, at *4 (S.D.N.Y. Mar. 17, 2022) (quoting *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)).

Here, Wahlburgers and ARKK waived service on November 30, 2023, and Patriot Pickle waived service on December 1, 2023.  Docket Item 1-3 at 2; *see also* Docket Item 1 at ¶¶ 5, 7.  Wahlburgers and ARKK then removed the case on December 15, 2023, and stated that they did so with the "consent[]" of Patriot Pickle.  *See* Docket Item 1 at 1.  They attached a letter from Patriot Pickle's counsel expressing that consent.  Docket Item 1-4.  On December 22, 2023, Patriot Pickle moved for an extension of time to respond to the complaint and affirmatively stated that it had "consent[ed]" to the removal of the case.  Docket Item 7 at 1.

Because Wahlburgers and ARKK removed the case and Patriot Pickle filed a letter independently expressing its consent to that removal within thirty days of November 30, 2023, when the removing defendants waived service, the Court finds that the parties have complied with the rule of unanimity and the requirements of 28 U.S.C. § 1446.  *See Pietrangelo*, 686 F.3d at 64, 66 (holding that defendants "satisfied [the rule of unanimity] requirement when [the non-removing defendants] submitted letters to the court within the thirty-day removal period" that "confirm[ed] their consent to the . . . removal").

[2] Certain business organization party disclosures also are required under Local Rule of Civil Procedure 7.1.

complaint, document, or portion of a document filed under seal bears the burden of demonstrating that such material should be sealed under applicable law." That rule is consistent with the longstanding "'presumption of access' to judicial records," which is rooted in the Constitution as well as the common law. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)); *see also United States v. Erie Cnty.*, 763 F.3d 235, 238-39 (2d Cir. 2014) ("The notion that the public should have access to the proceedings and documents of courts is integral to our system of government.").

To determine whether a right of access attaches to a filing, the court must first decide whether the record at issue constitutes a "judicial document." *Bernstein*, 814 F.3d at 141. The Second Circuit has explained that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"). Instead, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.*

If a court determines that a filing is a "judicial document[]," a "common law presumption of access attaches" to it. *Lugosch*, 435 F.3d at 119. The weight afforded to that presumption depends upon "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) (*"Amodeo II"*). In *Amodeo II*, the Second Circuit observed that "[g]enerally, the information will fall somewhere on a continuum from matters that directly affect an

3

adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* A judicial document may be sealed only if a party shows that there are "countervailing factors" outweighing the common law presumption.[3] *See Bernstein*, 814 F.3d at 143. "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (citation and internal quotation marks omitted).

## DISCUSSION

Wahlburgers asks for permission to file its corporate disclosure statement under seal. Docket Item 3. So the first question is whether that statement is a "judicial document"—that is, whether it is "relevant to the performance of the judicial function and useful in the judicial process." *See Amodeo I*, 44 F.3d at 145.

The document at issue here is required under Federal Rule of Civil Procedure 7.1(a)(2), which provides that "[i]n an[y] action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement" that "name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party or

---

[3] In addition to the common law right of access, the public also has a "qualified First Amendment right to attend judicial proceedings and to access certain judicial documents." *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 91 (2d Cir.2004). But because this Court finds that the common law presumption of access applies here—and because Wahlburgers has failed to make a showing sufficient to overcome that presumption—the Court need not address the First Amendment right here. *See United States v. Tangorra*, 542 F. Supp. 2d 233, 237 (E.D.N.Y. 2008) (finding that "[i]n light of the fact that the court has found [a right of] access under the common law, the court need not reach the First Amendment issue").

intervenor . . . when the action is filed in or removed to federal court."[4]  That rule, as amended in 2022, was "designed to facilitate an early and accurate determination of jurisdiction."[5]  *Driver Opportunity Partners I, LP v. Ameriserv Fin., Inc.*, 2023 WL 4711158, at *2 (W.D. Pa. July 24, 2023) (quoting Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment);  *see also A Priori Fam. Off., LLC v. Valley Forge Ins. Co.*, 2023 WL 8188668, at *1 (D. Conn. Nov. 27, 2023) ("The commentary to the rule explains in part that disclosure is 'necessary both to ensure that diversity jurisdiction exists and to protect against the waste that may occur upon belated discovery of a diversity-destroying citizenship.'" (quoting Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment.)).  The amendment to Rule 7.1(a) also was intended to relieve "the burden imposed on parties seeking to commence a federal suit against limited liability companies," *Del Mar TIC I, LLC v. Bancorp Bank*, 2023 WL 6811776, at *1 (S.D.N.Y. Oct. 16, 2023), since those parties "may not have all the information [they] need[] to plead the LLC's citizenship," *id.* (quoting Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment).

---

[4] Under the rule, disclosure also is required "when any later event occurs that could affect the court's jurisdiction under § 1332(a)."  Fed. R. Civ. P. 7(a)(2)(A).

[5] As initially adopted, Rule 7.1 required disclosures to enable "properly informed disqualification decisions in situations that call for automatic disqualification under Canon 3C(1)(c) [of the Code of Conduct for United States Judges]."  Fed. R. Civ. P. 7.1 advisory committee's note to 2002 amendment.  *See Moyal v. Munsterland Gruppe GmbH & Co. KG*, 539 F. Supp. 3d 305, 310 n.2 (S.D.N.Y. 2021) ("The purpose of Rule 7.1 is to provide judges with information to determine whether they possess financial interests in the litigants before them.").  Local Rule of Civil Procedure 7.1 requires party disclosures for that reason.  *See* Loc. R. Civ. P. 7.1 (requiring disclosure of the identity of "any person . . . [that] the party has reason to believe may bear on the Court's decision . . . to recuse").

In sum, Rule 7.1 statements enable a federal court to assess its jurisdiction—jurisdiction that has been carefully delimited by Article III of the Constitution and by Congress. *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." (citation and internal quotation marks omitted)). Indeed, a federal court may not exercise power over a case unless the facts showing its jurisdiction are "affirmatively" established "[by] the record." *Wynston Hill Cap., LLC v. Crane*, 628 F. Supp. 3d 540, 544 (S.D.N.Y. 2022). So Rule 7.1 statements are necessarily "relevant to the performance of the judicial function and useful in the judicial process." *See Amodeo I*, 44 F.3d at 145.

For that reason, this Court finds that Wahlburgers's corporate disclosure statement is a "judicial document[]" to which a "presumptive common law right of access" attaches. *Lugosch*, 435 F.3d at 120. Moreover, because such a statement is relevant to the question of whether the Court in fact has "Article III judicial power" over the case, it is necessarily valuable to "the exercise" of that "power," entitling the presumption of access that attaches to it to at least some weight. *See Amodeo II*, 71 F.3d at 1049.

The Court need not determine how much weight to afford that presumption here because Wahlburgers has not offered any evidence of "countervailing factors" sufficient to overcome even a weak presumption. Wahlburgers says only that its "corporate structure and ownership information are confidential business information and not commonly known to the public at large," and it adds that sealing would protect

Wahlburgers's "privacy interests." Docket Item 3-1 at 3. But it does not explain how disclosure of that purportedly "confidential . . . information" might damage its business, nor does it provide any details about the "privacy interests" purportedly at stake. *See id.*

Courts in the Second Circuit have found such conclusory statements insufficient to justify sealing. *See, e.g.*, *Midwest Athletics & Sports All. LLC v. Xerox Corp.*, 2022 WL 2533324, at *1-2 (W.D.N.Y. July 7, 2022) (finding statements that documents contained "confidential business information" and "conclusory assertions" that disclosure could cause "competitive harm" insufficient to justify sealing). And while courts in this circuit have not specifically addressed the sealing of Rule 7.1 statements, other courts have denied motions to seal such statements under circumstances similar to those here. *See Wilkins v. Tory Burch*, *LLC,* 2023 WL 3600084, at *2 (E.D. Mo. May 23, 2023) (denying motion to seal disclosure statement when a defendant "asserted that [the identity of its members was] sensitive information [and] . . . that public disclosure of its members' information could harm its business" but "fail[ed] . . . to explain why"); *Wiens Cap. Mgmt., LLC v. Advoc. Consulting Legal Grp., PLLC*, 2023 WL 2435806, at *1-2 (M.D. Fla. Feb. 16, 2023) (finding that plaintiffs' assertion that sealing was needed to protect "the privacy interests of the members," without more, "d[id] not overcome the presumption of public access"); *Driver Opportunity Partners*, 2023 WL 4711158, at *3 ("Merely asserting a privacy interest without further explanation is hardly the equivalent of articulating a substantial privacy interest in the members' identities."); *Darton Archery, LLC v. Bowtech, LLC*, 2023 WL 2755760, at *1 (D. Del. Apr. 3, 2023) (denying motion to seal corporate disclosure statement because defendants failed to explain how the "business interests [of a limited partnership] could suffer harm by the public disclosure

of the identity and citizenship of its owners" and noting that "[i]n any event, the public disclosure that an individual has an ownership interest in an entity created by a state cannot be said to constitute a clearly defined and serious injury").

Wahlburgers observes that Rule 7.1(a)(2) was created "to provide the Court with sufficient information to satisfy itself as to its diversity jurisdiction"—not to "provide the public with confidential information it could not otherwise obtain."  Docket Item 3-1 at 2-3.  Indeed, it points out that in adopting the 2022 amendment, the advisory committee specifically contemplated that courts "may limit the disclosure in appropriate circumstances," such as by allowing "the names of identified persons [to] be protected against disclosure to other parties when there are substantial interests in privacy and when there is no apparent need to support discovery by other parties to go behind the disclosure."  *Id.* (quoting Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment (bolding and italics omitted)).  Thus, it argues, because Wahlburgers has already "pleaded in its [n]otice of [r]emoval the citizenship of its members without identifying the individual names of the members involved," its corporate disclosure form "has no bearing on this Court's determination of any issue in this case" and the Court should allow it to be filed under seal.  *Id.* at 3.

But that argument misses the mark.  Although the commentary to Rule 7.1(a) contemplates that the required disclosure statements may be sealed in "appropriate circumstances"—such as "when there are substantial interests in privacy," *see* Fed. R. Civ. P. 7.1(a)(2) advisory committee's note to 2022 amendment—Wahlburgers has not shown any such privacy interests here.  And a party cannot evade the requirements of Rule 7.1(a) merely by asserting that the Court already has "sufficient information to

evaluate diversity jurisdiction." *Driver Opportunity Partners* , 2023 WL 4711158, at *3 (stating that "the text of Rule 7.1(a)(2) unambiguously requires the disclosure of both the name and the citizenship of each individual or entity whose citizenship is attributable to that party" and holding that disclosure is required "[a]bsent strong countervailing reasons for protecting [those] names" (bolding, underlining, and citation omitted)).

In sum, the corporate disclosure form is required so that the court can evaluate issues of jurisdiction and recusal—issues that are central to "the performance of the judicial function and useful in the judicial process." *See Amodeo I*, 44 F.3d at 145. Therefore, the corporate disclosure statement is a judicial document to which a presumption of public access attaches—a presumption that Wahlburgers has not rebutted. And as already explained, the Second Circuit has made clear that whether a court filing may be sealed turns on that fact, *see Bernstein*, 814 F.3d at 139—not on whether the rule that requires the filing was created to "provide the public with confidential information," *see* Docket Item 3-1 at 3.

## **CONCLUSION**

Because Wahlburgers has not provided good reason why its Rule 7.1 statement should remain confidential, it has not overcome the presumption of access that attaches to that document. And for the same reason, Wahlburgers has not met its burden under Local Rule 5.3(a) of demonstrating that the material at issue "should be sealed under applicable law." Wahlburgers's motion to file its Rule 7.1 statement under seal therefore is DENIED without prejudice to renewal consistent with the above analysis.

SO ORDERED.

Dated:   January 16, 2024
           Buffalo, New York


                                   */s/ Lawrence J. Vilardo*
                                  LAWRENCE J. VILARDO
                                  UNITED STATES DISTRICT JUDGE